IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO 19-05575 ESL |
| COLON MUNET, SIXTO<br>xxx-xx-7682<br>GLORIBEL TORRES SANES<br>xxx-x-5715 | CHAPTER 13 |
| DEBTORS | |

## DEBTORS' MOTION AND NOTICE OF FILING OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN 11 USC §1329

**TO THE HONORABLE COURT:**

**COME NOW, SIXTO COLON MUNET and GLORIBEL TORRES SANES**, the Debtors in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

1. The DEBTORS are hereby submitting a post-confirmation modification of Chapter 13 Plan, 11 USC Section 1329, dated July 18, 2024 herewith and attached to this motion.

2. This Plan modification is filed to **amend Part 2, Section 2.1, in order to increase the proposed Plan payment to $1,338 for months 56 through 60 of the Plan and to provide for payment of the sum of $2,693.00 for the 2020-2023 tax refunds which the Debtors propose to pay into the Plan on month 60th , thus, the proposed Plan base is increased to $38,061.00 for additional distribution to creditors; and Part 4 Section 4.3 is amended to request payment of additional attorney's fees for post-petition work performed in the present case.**

### NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of

**Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the Debtors and to all creditors and interested parties (CM/ECF non-participants) appearing in the master address list, hereby attached.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 18th day of July, 2024.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
Email: rfc@rfigueroalaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

In Re:
SIXTO COLON MUNET
GLORIBEL TORRES SANES

xxx-xx-7682
xxx-xx-5715

Case No.: 3:19-bk-5575

Chapter 13

☐ Check if this is a pre-confirmation amended plan

☒ Check if this is a post confirmation amended plan
Proposed by:
☒ Debtor(s)
☐ Trustee
☐ Unsecured creditor(s)

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** July 18, 2024 .

If this is an amended plan, list below the sections of the plan that have been changed.
2.1; 4.3

---

## PART 1: Notices

To Debtor(s): This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors: **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

## PART 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|

| | | | |
|---|---|---|---|
| $206.00 | 1 | $206.00 | |
| $542.00 | 55 | $29,810.00 | The Debtor to pay the sum $2,693.00 (2020-2023 tax refunds) as additional Plan funding, on or before month 60th the Plan (October/2024). |
| $1,338.00 | 4 | $5,352.00 | |
| Subtotals | 60 Months | $38,061.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2   **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*
☐  Debtor(s) will make payments pursuant to a payroll deduction order.
☒  Debtor(s) will make payments directly to the trustee.
☐  Other (specify method of payment): _____

2.3   **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4   **Additional payments:**

*Check one.*
☒  **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

# PART3: Treatment of Secured Claims

3.1   **Maintenance of payments and cure of default, if any.**

*Check one.*
☒  **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☒  **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box Part 1 of this plan is checked.*

*Insert additional claims as needed.*

3.3   **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☒  **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4   **Lien Avoidance.**

*Check one.*
☒  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5   **Surrender of collateral.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan to stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| Coop A/C Naguabena (Claim No. 9-1) | Shares and Deposits (Claim No 9-1) |
| EDUCOOP | Shares and Deposits |

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☒ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| Popular Auto | $75.00 | |
| Oriental Bank | $75.00 | |

*Insert additional claims as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced*

☒ Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322 (c)(2). Upon confirmation, the trustee shall pay the allowed claim sd expressly modified by this section, at the annua;l interest rate and monthly payments described below. Any listed claim will be paid in full through disbursement by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of creditor | Claim ID # | Claim amount | Modified interest rate | Modified term (Months) | Modified P&I | Property taxes (Escrow) | Property insurance (Escrow) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| **Oriental Bank** | | $10,236.00 [ X ] To be paid in full 100% | | | | | | | |
| **PopularAuto** | Claim No. 3-1 | $6,761.80 [ X ] To be paid in full 100% | | | | | | | |
| **Empresas Berrios** | Claim No. 11-1 | $991.35 [ X ] To be paid in full 100% | | | | | | | |

| Debtor | SIXTO COLON MUNET<br>GLORIBEL TORRES SANES | Case number | 3:19-bk-5575 |
|---|---|---|---|

| Empresas<br>Berrios | Claim No.<br>12-1 | $1,548.84<br>[ X ] To be<br>paid in full<br>100% |
|---|---|---|

## PART 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

**4.3 Attorney's fees**

Check one.

☒ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ 199.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ 3,801.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ 500.00 |

**4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

Check one.
☒ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.
☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**4.6 Post confirmation property insurance coverage**
Check one.
☐ **None.** If "None" is checked, the rest of § 4.6 need not be completed or reproduced

☒ The Debtor(s) propose to provide post-confirmation property insurance coverage to the secured creditors listed below:

| Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| **Banco Popular de Puerto Rico** | **Eastern American Ins Co** | 07/28/2020 | 49.00<br>Disbursed by:<br>[X] Trustee<br>[ ] Debtor(s) | 0.00 |

| Debtor | SIXTO COLON MUNET GLORIBEL TORRES SANES | | | Case number | 3:19-bk-5575 |
|---|---|---|---|---|---|
| Oriental Bank | | Eastern American Ins Co | 03/31/2021 | 54.00<br>Disbursed by:<br>[X] Trustee<br>[ ] Debtor(s) | 0.00 |

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of $ _____ .
☐ _____% of the total amount of these claims, an estimated payment of $_____ .
☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
☐ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____ .

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.**
*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the Debtor(s) upon**
*Check the appliable box:*
☒ Plan confirmation.
☐ Entry of discharge.
☐ Other: _____

7.2 **Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)

3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1  Check "None" or list the nonstandard plan provisions
     ☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The Folloeing plan provisions will be effective only if there is a check in the box Included in § 1.3.

### 8.2 This Section modifies LBF-G, Part 3: Retention of Lien:
The lien holder of any allowed secured claim, provided for by the Plan in its Part3, will retain itslien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

### 8.3 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:
Tax refunds will be devoted each yea, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion ofsuch Tax Refunds, Debtor(s) shall seek Court's

### 8.4 This Provisions Supplements Part 3 to provide for the Lifting of the 362(a) Stay:
Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of Popular Auto, as to collateral related to Claim 4-1, a 2014 Chevrolet Sonic. Thecar loan is being paid directly to Popular Auto by principal debtor to said car loan, Yolibel Colon Torres. The Trustee will make no disbursements to secured creditor Popular Auto , Claim No 4-1, without prejudice of creditor filing a deficiency claim in order to receive pro-rata distribution by the Trustee as an unsecured claim.

*Insert additional lines as needed.*

## PART 9: Signature(s)

|                                            | Date  July 18, 2024 |
|---|---|
| /s/Roberto Figueroa-Carrasquillo           |       |
| **Signature of Attorney of Debtor(s)**     |       |
| **Roberto Figueroa Carrasquillo**          |       |
| **RFigueroa Carrasquillo Law Office PSC**  |       |
|                                            | Date  |
|                                            | Date  |

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 19-05575-ESL13<br>District of Puerto Rico<br>Old San Juan<br>Thu Jul 18 13:18:43 AST 2024 | COOP AHORRO Y CREDITO NAGUABENA<br>PO BOX 69<br>NAGUABO, PR 00718-0069 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| (p)DE DIEGO LAW OFFICE PSC<br>ATTN ORIENTAL BANK-AUTOS<br>P O BOX 79552<br>CAROLINA PR 00984-9552 | POPULAR AUTO<br>PO BOX 366818<br>SAN JUAN, PR 00936-6818 | US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 |
| Autoridad Acueductos Y Alcantarillados<br>PO Box 5729<br>Caguas, PR 00726-5729 | (p)LUMA ENERGY<br>REVENUE PROTECTION<br>PO BOX 364267<br>SAN JUAN PR 00936-4267 | Banco Popular de Puerto Rico<br>Bankruptcy Department<br>PO Box 366818<br>San Juan, PR 00936-6818 |
| COOPERATIVA AC EDECOOP<br>G 5 CALLE ONEILL<br>SAN JUAN PR 00918-2301 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | (p)PUERTO RICO TELEPHONE COMPANY DBA CLARO PR<br>PO BOX 360998<br>SAN JUAN PR 00936-0998 |
| Coop A/C Naguabena<br>Urb Juan Mendoza B1 Calle 3<br>Naguabo, PR 00718 | Deptednelnet<br>PO Box 82561<br>Lincoln, NE 68501-2561 | EASTERN AMERICA INSURANCE CO<br>PO BOX 9023862<br>SAN JUAN PR 00902-3862 |
| Educoop<br>PO Box 192770<br>San Juan, PR 00919-2770 | Empresas Berrios<br>PO Box 674<br>Cidra, PR 00739-0674 | FIRST BANK<br>CONSUMER SERVICE CENTER<br>BANKRUPTCY DIVISION (CODE 248)<br>PO BOX 9146 SAN JUAN PR 00908-0146 |
| First Premier Bank<br>3820 N Louise Ave<br>Sioux Falls, SD 57107-0145 | Midland Credit Management, Inc.<br>Po Box 2037<br>Warren MI 48090-2037 | Oriental Bank<br>254 Ave Munoz Rivera<br>San Juan, PR 00918-1941 |
| POPULAR AUTO<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN PUERTO RICO 00936-6818 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 |
| SBA US Small Business Administration<br>PO Box 3918<br>Portland, OR 97208-3918 | Seventh Ave<br>1112 7th Ave<br>Monroe, WI 53566-1364 | Strategic Legal Group<br>PO Box 366220<br>San Juan, PR 00936-6220 |
| Syncb/walmar<br>PO Box 965024<br>Orlando, FL 32896-5024 | Synchrony Bank<br>PO Box 105972<br>Atlanta, GA 30348-5972 | US Department of Education c/o Nelnet<br>121 South 13th Street, Suite 201<br>Lincoln, NE 68508-1911 |

| | | |
|---|---|---|
| Univision<br>PO Box 659820<br>San Antonio, TX 78265-9120 | GLORIBEL TORRES SANES<br>PO BOX 442<br>CULEBRA, PR 00775-0442 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901 |
| OSMARIE NAVARRO MARTINEZ<br>CHAPTER 13 TRUSTEE<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 | ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 | SIXTO COLON MUNET<br>PO BOX 442<br>CULEBRA, PR 00775-0442 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Jefferson Capital Systems LLC<br>PO Box 7999<br>St Cloud, MN 56302-9617 | ORIENTAL BANK-AUTOS<br>DE DIEGO LAW OFFICES, PSC<br>PO BOX 79552<br>CAROLINA<br>CAROLINA, PR 00984-9552 | Autoridad de Energia Electrica<br>PO Box 363508<br>San Juan, PR 00936-3508 |
| Claro<br>PO Box 360998<br>San Juan, PR 00936-0998 | (d)Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 | (d)Oriental Bank-Autos<br>PO Box 79552<br>Carolina, PR 00984-9552 |
| (d)PREPA - BANKRUPTCY OFFICE<br>PO BOX 364267<br>SAN JUAN PR 00936 | Portfolio Rc<br>120 Corporate Blvd Ste 100<br>Norfolk, VA 23502-4952 | (d)Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Empresas Berrios Inc<br>PO Box 674<br>Cidra, PR 00739-0674 | End of Label Matrix<br>Mailable recipients   35<br>Bypassed recipients   1<br>Total   36 |